**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JI SEO, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| LYONS, DOUGHTY & VELDHUIS, P.C., | |
| Defendant. | |

Plaintiff JI SEO (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant LYONS, DOUGHTY & VELDHUIS, P.C. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Bergen County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant Lyons, Doughty & Veldhuis, P.C. ("LDV") is a law firm with offices located in Mt. Laurel, New Jersey.

9. Based upon information and belief, Defendant is a company that uses the

mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- **All New Jersey consumers who were subject to post-judgment collection activity in New Jersey state court by Defendant in an attempt to collect a debt, which included the alleged conduct and practices described herein.**

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard document that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to November 17, 2019, Plaintiff allegedly incurred a financial obligation to Capital One Bank (USA), N.A. ("Capital One") related to a credit card Account ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to November 17, 2009, Capital One either directly or through intermediate transactions assigned, placed or transferred the Debt to the Law firm of Eichenbaum & Stylianou, L.L.C. ("E&S") for purposes of collection.

21. At the time the Debt was assigned, placed or transferred to E&S, the Debt was in default.

22. On or about November 17, 2019, E&S sued Plaintiff on behalf of Capital in the Special Civil Part of the Bergen County Superior Court in the case of Capital One Bank (USA), N.A. v. Seo, Ber-DC-033182-09 ("the State Court Action") in an attempt to

collect the Debt.

23. On or about January 8, 2010, a judgment was entered against Plaintiff in the amount of $1706.49 in the State Court Action.

24. On or about September 7, 2012, Defendant substituted in as attorney of record for Capital One and E&S withdrew as attorney of record in the State Court action.

25. At that time that Defendant substituted in as attorney of record for Capital One, the Debt was still in default.

26. Subsequently, on March 27, 2020, Defendant filed an Application for a wage application in the State Court Action, a copy of which is attached as Exhibit A.

27. The wage execution application indicated that post-judgment interest was waived with respect to both Interest From Prior Writs and New Interest on This Writ.

28. Nonetheless even though the Application for Wage Execution indicated that Interest from Prior writs was waived, Defendant still sought to collect $47.52 in Interest from Prior Writs.

29. Defendant was not entitled to collect $47.52 in Interest from Prior Writs.

30. The Least Sophisticated Consumer would be confused as to whether or not he or she would owe $47.52 in Interest from Prior Writs since the Wage Execution Application indicated that the interest had been waived.

31. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

32. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

33. Defendant violated Plaintiff's rights not to be the target of misleading debt

7

collection communications.

34. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

35. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

36. Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

37. Defendant's collection activity provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

38. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

40. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

41. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

42. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

43. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendant's policy and practice to file writs for wage execution, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By making false representations of the character or legal status of a debt;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

    (d) seeking to collect more in interest than entitled to.

45. On information and belief, Defendant filed applications for wage garnishments which indicated that interest was waived, but still sought to collect post judgment interest with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

46. Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

47. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

48. By attempting to collect post-judgment interest in an application for a wage execution, but indicating that such interest was waived, Defendant violated:

    A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

    B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

    C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

    D. 15 U.S.C. § 1692e(5) by threatening to take an action which cannot legally be taken;

    E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

    F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

    G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
    March 25, 2021

                    Respectfully submitted,


                    By: s/ Lawrence C. Hersh
                        Lawrence C. Hersh, Esq.
                        17 Sylvan Street, Suite 102B
                        Rutherford, NJ  07070
                        (201) 507-6300
                        *Attorney for Plaintiff*


**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 24, 2021                    By: <u>s/ Lawrence C. Hersh</u>
                                                                         Lawrence C. Hersh, Esq

EXHIBIT A

Lyons, Doughty and Veldhuis, P.C.
136 Gaither Drive, Suite 100
Po Box 1269
Mt Laurel, NJ 08054
Telephone: (856) 222-0166
Attorneys for Plaintiff
\_\_\_   David R. Lyons, Esq.  281841972
\_\_\_   Laurie H. Lyons, Esq.  019532002
_x_   Lauren Linker Keating, Esq. 016332009
\_\_\_   Craig H. Lyons, Esq.  042701999
\_\_\_   Keith Esposito, Esq.  235932017

| | |
|---|---|
| **SUPERIOR COURT OF NEW JERSEY** <br> **LAW DIVISION, SPECIAL CIVIL PART** <br> **BERGEN COUNTY**   Tel. (201) 527-2700 | ORDER, CERTIFICATION AND EXECUTION <br> AGAINST EARNING PURSUANT TO 15 <br> <u>U.S.C.</u> 1673 AND <u>N.J.S.A.</u> 2A:17-56 |
| **Docket No.:** <u>DC-033182-09</u> | Judgment No.: VJ-000654-10 <br> Writ Number:\_\_\_\_   Issued _____ |
| Capital One Bank (USA), N.A. <br><br> **Plaintiff** <br> vs. <br> JI W  SEO <br> **DESIGNATED DEFENDANT,** <br> 278 MAIN ST APT D6 <br> Little FerryNJ076431349 <br> SSN: XXX-XX-X600 | Name and Address of Employer Ordered to Make Deductions: <br> Highgate Hotels, L.P <br> Corporation Service Company 100 Charles Ewing Boulevard; Suite 160 <br> EwingNJ 08628 |

    Unless the designated defendant is currently subject to withholding under another wage execution, the employer is ordered to deduct from the earnings which the designated Defendant receives and to pay over to the court officer named below, the lesser of the following: (a) 10 % of the gross weekly pay; or (b) 25% of disposable earnings for that week; or (c) the amount, if any by which the designated Defendant's disposable weekly earnings exceed $217.50 per week, until the total amount due has been deducted or the complete termination of employment. Upon either of these events, an immediate accounting is to be made to the court officer.  Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or less,  if paid weekly, or $435.00 or less, if paid every two weeks, or $471.25 of less, if paid twice a month, or $942.50 or less if paid monthly then no amount shall be withheld under this execution.  In no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time. <u>Please refer to Page 2 , How to Calculate Proper Garnishment Amount.</u>

    The employer shall immediately  give the designated defendant a copy of this order. The designated defendant may object to the  wage execution or apply for a reduction in the amount withheld at any time. To Object or apply for a reduction, a written statement of the objection or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent to the creditor's attorney or directly to the creditor if there is no attorney. A hearing will be held within 7 days after filing the objection or application for a reduction. According to law, no employer may terminate an employee because of garnishment.

| | | |
|---|---|---|
| Judgment Date: | 1/8/2010 | Date:_____ |
| Judgment Award: | $1,620.09 | |
| Court Costs & StatAtty Fees: | $86.40 | _____ |
| Total Judgment Amount: | $1,706.49 | JUDGE |
| Interest From Prior Writs: | $47.52 | |
| **(interest waived)** | | |
| Costs from Prior Writ: | $89.98 | |
| Subtotal A: | $1,843.99 | |
| Credits from Prior Writs | $0.00 | |
| Subtotal B: | $1,843.99 | |
| New Miscellaneous Costs: | $0.00 | |
| New Interest On This Writ: | $0.00 | |
| **(interest waived)** | | |
| New Credits On this Writ: | $687.13 | Make payments at least monthly to |
| Execution Fees & Mileage: | $35.00 | Court Officer as set forth |
| Subtotal C: | $1,191.86 | |
| Court Officer Fee: | $119.19 | COURT OFFICER |
| **TOTAL DUE THIS DATE:** | **$1,311.05** | |

I CERTIFY that the foregoing statements made by me are true.

I RETURN this execution to the Court
( ) Unsatisfied  ( ) Satisfied
( ) Partially Satisfied

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Amount collected        $_____
Fee Deducted            $_____

Date: ____3/27/20_____

____  S/ David R. Lyons
      David R. Lyons
____  S/ Laurie H. Lyons
      Laurie H. Lyons
 x    S/ Lauren Linker Keating
      Lauren Linker Keating
____  S/ Craig H. Lyons
      Craig H. Lyons
____  S/ Keith Esposito
      Keith Esposito

Firm Name: Lyons, Doughty & Veldhuis, P.C.
Firm Address: 136 Gaither Drive, Suite 100 PO Box 1269
Mt Laurel NJ  08054

## HOW TO CALCULATE PROPER GARNISHMENT AMOUNT

(1)  Gross Salary per pay period

(2) Less:  _____

    Amounts Required by Law to be Withheld:

      a)  U.S. Income Tax

      b)  FICA (Social Security)  _____

      c)  State Income Tax, ETT, etc.  _____

      d)  N.J. SUI  _____

    e)  Other State or Municipal withholding  _____

      f) TOTAL

(3)  Equals "disposable earnings"  _____

(4)  If salary is paid:  _____

      - weekly, then subtract $217.50

      - every two weeks, then subtract $435.00

      - twice per month, then subtract $471.25

      - monthly, then subtract $942.50

(Federal law prohibits any garnishment when "disposable earnings"
are smaller than the amount on line 4)  _____

(5)  Equals the amount potentially subject to garnishment
     (if less than zero, enter zero)  _____

(6)  Take "disposable earnings" (line 3) and multiply by .25:
     $_____ x .25 = $_____  _____

(7)  Take the gross salary (line 1) and multiply by .10:
     $_____ x .10 = $_____  _____

(8)  Compare lines 5, 6, and 7 - the amount which may lawfully be deducted is the smallest amount
     on line 5, line 6, or line 7 i.e.  _____

Source: 15 U.S.C. 1671 et seq.; 29 c.f.r. 5870; N.J.S.A. 2A:1750 et seq.